IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

ALI TAJ BEY,
Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC;
GTE FEDERAL CREDIT UNION;
WESTLAKE SERVICE INC.;
HUNTINGTON NATIONAL BANK;
TRANSUNION LLC,
Defendants.

Case No. 8:25-cv-2848-TPB-AAS

OCT 17 2025 PM3:04
FILED - USDC - FLMD - TPA

## COMPLAINT FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT, EQUAL CREDIT OPPORTUNITY ACT, AND BREACH OF CONTRACT

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction under 28 U.S.C. § 1331; 15 U.S.C. § 1681p (FCRA); and 15 U.S.C. § 1691e(f) (ECOA).

2. Supplemental jurisdiction exists for state law claims under 28 U.S.C. § 1367.

3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

4. Plaintiff Ali Taj Bey is a natural person and a "consumer" within the meaning of 15 U.S.C. § 1681a(c), residing in Pinellas County, Florida.



TPA 73135
$ 405.00

5. Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency ("CRA") that regularly assembles and furnishes consumer reports nationwide, including in Florida.

6. Defendants GTE Financial, Westlake Service Inc., and Huntington National Bank are financial institutions doing business in Florida and nationwide.

7. Defendant TransUnion LLC ("TransUnion") is a CRA within the meaning of 15 U.S.C. § 1681a(f), maintaining a business presence in Florida and disseminating consumer credit information nationwide.

## III. FACTUAL ALLEGATIONS
### A. Prior Settlement and Equifax's Obligations

8. On August 6, 2025, Plaintiff and Equifax resolved Bey v. Equifax, No. 8:25-cv-01066-WFJ-AEP (M.D. Fla.), with Equifax agreeing to permanently delete or block all derogatory tradelines and public record information, including any bankruptcy, from Plaintiff's credit file.

9. Equifax represented that the derogatory information would be deleted or blocked as of the settlement date.

### B. Credit Applications and Adverse Actions

10. On September 10, 2025, Plaintiff authorized multiple financial institutions to obtain his consumer reports in connection with a vehicle purchase at Westshore Honda, Tampa, Florida.

11. The following institutions obtained Plaintiff's consumer report(s) and subsequently denied credit: Achieva Credit Union; AmeriCredit Financial Services; Campus USA Credit Union; Truist Dealer Services; Westlake Service Inc.; Ally Financial; Wells Fargo Auto; Florida Credit Union; GTE Financial; Huntington National Bank; TD Auto Finance; M&T Bank; Valley National Bank; Fifth Third Bank; OneMain Financial; and NCC / Westshore Honda.

12. Multiple adverse action notices identified Equifax and/or TransUnion as the reporting agency providing the information used to deny credit.

### C. Equifax's Reinsertion of Blocked Information

13. Despite the settlement, Equifax reinserted or failed to suppress derogatory public record and tradeline information, including a bankruptcy, in violation of the FCRA and the settlement agreement.

14. Equifax did not provide written notice of any reinsertion within five business days as required by 15 U.S.C. § 1681i(a)(5)(B).

15. As a direct result, Plaintiff suffered denial of credit, excessive inquiries, reputational harm, and lost credit opportunities.

### D. Post-Filing FCRA Violations – TransUnion

16. The claims against TransUnion arose after the filing of *Bey v. Equifax Information Services LLC et al.*, No. *8:25-cv-01066-WFJ-AEP (M.D. Fla.)*. Because all remaining defendants in that case are fully briefed for

adjudication, these distinct post-filing claims do not require joinder or consolidation.

17. On September 10, 2025, the lenders identified above accessed Plaintiff's TransUnion credit report and subsequently denied credit based on derogatory or inaccurate information.

18. All derogatory accounts currently appearing on Plaintiff's TransUnion consumer report are in active dispute. TransUnion's reinvestigation concluded "no error found" and it merely "updated" disputed items instead of correcting or deleting them.

19. One lender specifically stated that denial was based on a bankruptcy appearing on Plaintiff's credit file. However, a contemporaneous CreditWise disclosure from TransUnion showed no bankruptcy tradeline or public record for Plaintiff. This inconsistency demonstrates inaccurate and inconsistent reporting.

20. TransUnion's conduct violated its duties to assure maximum possible accuracy, 15 U.S.C. § 1681e(b), and to conduct a reasonable reinvestigation, 15 U.S.C. § 1681i(a)(1)–(5), causing Plaintiff renewed denials, excessive inquiries, reputational harm, emotional distress, and measurable score reductions on and after September 10, 2025.

## IV. CLAIMS FOR RELIEF
*Count I – Willful and Negligent FCRA Violations (Equifax) (15 U.S.C. §§ 1681n, 1681o, 1681i(a)(5)(B))*

21. Plaintiff incorporates all preceding paragraphs.

22. Equifax willfully and negligently failed to comply with the FCRA by re-reporting or failing to suppress previously deleted or blocked derogatory information and by failing to provide required reinsertion notices, entitling Plaintiff to statutory, actual, and punitive damages, plus attorney's fees and costs. *See Losch v. Experian Info. Solutions, Inc.*, 995 F.3d 937, 943–44 (11th Cir. 2021); *Collins v. Experian Info. Solutions, Inc.*, 775 F.3d 1330, 1335 (11th Cir. 2015).

### Count II – Breach of Contract (Equifax) (Florida Law)

23. Plaintiff and Equifax entered into a valid settlement agreement on August 6, 2025, which Equifax breached by failing to permanently delete or block derogatory information, proximately causing damages.

24. Under Florida law, settlement agreements are interpreted and enforced as contracts. "A settlement agreement is a contract and is subject to the rules of interpretation and enforcement applicable to contracts in general." *Suarez Trucking FL Corp. v. Souders*, 350 So. 3d 86, 91 (Fla. 2022).

25. "Settlement agreements are highly favored and will be enforced whenever possible." *Suarez Trucking*, 350 So. 3d at 91 (quoting *Robbie v. City of Miami*, 469 So. 2d 1384, 1385 (Fla. 1985)).

26. The Eleventh Circuit has likewise recognized: "Settlement agreements are highly favored in the law and will be enforced whenever possible." *Murchison v. Grand Cypress Hotel Corp.*, 13 F.3d 1483, 1486 (11th Cir. 1994).

27. Plaintiff is entitled to seek damages for breach of a settlement agreement. "[W]e remand the case for a trial on the actual damages incurred by Baron as a result of the breach of contract." *Lefemine v. Baron, 573 So. 2d 326, 329 (Fla. 1991).*

### *Count III – Failure to Provide Adverse Action Notice (GTE Financial) (ECOA/FCRA: 15 U.S.C. §§ 1691(d), 1681m(a))*

28. Plaintiff incorporates all preceding paragraphs.

29. GTE Financial took adverse action based on a consumer report but failed to provide a compliant adverse action notice within 30 days, violating 15 U.S.C. § 1691(d)(1)–(2) and 15 U.S.C. § 1681m(a). *See Roque Alexander Barat v. Navy Federal Credit Union, No. 24-10630, slip op. at 6–7 (11th Cir. Feb. 3, 2025);* 12 C.F.R. § 1002.9(a)(1).

### *Count IV – Failure to Provide Adverse Action Notice (Westlake Service Inc.) (ECOA/FCRA: 15 U.S.C. §§ 1691(d), 1681m(a))*

30. Plaintiff incorporates all preceding paragraphs.

31. Westlake Service Inc. took adverse action based on a consumer report but failed to provide a compliant adverse action notice within 30 days, violating 15 U.S.C. § 1691(d)(1)–(2) and 15 U.S.C. § 1681m(a). *See Barat, No. 24-10630, slip op. at 6–7 (11th Cir. Feb. 3, 2025).*

### *Count V – Failure to Provide Adverse Action Notice (Huntington National Bank) (ECOA/FCRA: 15 U.S.C. §§ 1691(d), 1681m(a))*

32. Plaintiff incorporates all preceding paragraphs.

33. Huntington National Bank took adverse action based on a consumer report but failed to provide a compliant adverse action notice within 30 days, violating 15 U.S.C. § 1691(d)(1)–(2) and 15 U.S.C. § 1681m(a). *See Barat, No. 24-10630, slip op. at 6–7 (11th Cir. Feb. 3, 2025).*

### *Count VI – Willful and Negligent FCRA Violations (TransUnion) (15 U.S.C. §§ 1681n, 1681o, 1681e(b), 1681i)*

34. Plaintiff incorporates all preceding paragraphs.

35. TransUnion failed to assure maximum possible accuracy of information it reported about Plaintiff and failed to conduct a reasonable reinvestigation after receiving notice of dispute, in violation of 15 U.S.C. §§ 1681e(b) and 1681i. *See Losch, 995 F.3d at 943–44; Collins, 775 F.3d at 1335.*

36. Such conduct was willful and/or negligent and entitles Plaintiff to statutory, actual, and punitive damages, plus attorney's fees and costs under 15 U.S.C. §§ 1681n and 1681o.

### *Count VII – Inaccurate and Inconsistent Reporting (Bankruptcy Representation Error – TransUnion) (15 U.S.C. §§ 1681e(b), 1681i, 1681n, 1681o)*

37. Plaintiff incorporates all preceding paragraphs.

38. At least one lender advised Plaintiff that denial was based on a bankruptcy appearing on Plaintiff's TransUnion file; yet a contemporaneous CreditWise disclosure from TransUnion shows no such bankruptcy appearing on Plaintiff's consumer disclosure.

39. Furnishing a bankruptcy to third-party users that does not appear on the consumer disclosure is materially inaccurate and misleading, violating 15 U.S.C. § 1681e(b), and TransUnion failed to correct the discrepancy after notice, violating 15 U.S.C. § 1681i(a). *See Losch, 995 F.3d at 943–44; Collins, 775 F.3d at 1335.*

40. TransUnion's conduct was willful and/or negligent, entitling Plaintiff to statutory, actual, and punitive damages, plus attorney's fees and costs under 15 U.S.C. §§ 1681n and 1681o.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court: A. Award statutory damages of $100 to $1,000 per FCRA violation; B. Award actual damages for denial of credit and related harm; C. Award punitive damages as permitted by law; D. Award reasonable attorney's fees and costs; E. Award damages for breach of contract under Florida law; and F. Grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

Ali Taj Bey, sui juris
4000 24th Street North, Lot 802
St. Petersburg, Florida 33714
ali.taj.bey@gmail.com
(727) 454-8566